Shafqaat Bukhari
9416 Canalino Dr
Las Vegas, NV 89134
In Common Law-Pro Per

2010 MAR 17  P 4:06

# DISTRICT COURT OF UNITED STATES
# DISTRICT OF LAS VEGAS NEVADA
# ARTICLE III

SHAFQAAT BUKHARI )
Plaintiff, )
) 2:10-cv-00373-RCJ-LRL
vs. )
)
)
DIRECT MORTGAGE CORP, EMC MORTGAGE )   **MOTION FOR RESTRAINING ORDER**
CORPORATEION (CHASE), NATIONAL ) **WITH POINTS AND AUTHORITES**
DEFAULT SERVICING INC CORPORATION, )
LAWYERS TITLE OF NEVADA, MORTGAGE )
ELECTRONIC REGISTRATION SYSTEM )
"MERS", ASSIGNEES AND/ OR )
SUCCESSORS, AND DOES 1-10 )
)

Defendants,

The Plaintiff and moving party in this motion submits the following in this action in Opposition to Defendants weak defense which do not even address the issues at hand and the reason Plaintiff field this action.

## LEGAL AUTHORITY

Estopple of representatives from any act to have sale of the property located at 265 Rustic Club Way, Las Vegas Nevada, 89148, hereafter "property", until such times as Shafqaat Bukhari petition (attached) can be adjudicated on its merits. SALE DATE 4/7/10

[Pleading title summary] - 1

## **BREIF IN SUPPORT**

1. It is not now, nor has it even been Shafqaat Bukhari intention to avoid paying any obligation that lawfully owed.

2. EMC MORTGAGE CORPORATEION (CHASE), NATIONAL DEFAULT SERVICING INC CORPORATION, has repeatedly refused to document and verify an obligation which Plaintiff may owe. EMC MORTGAGE CORPORATEION (CHASE), NATIONAL DEFAULT SERVICING INC CORPORATION, as required by both state and federal law are estopped by law from any such action.

3. They are to produce the Original Promissory Note signed by Shafqaat Bukhari as Settler. The loan should be discharged and the trust terminated as the Defendant's no longer have a valid lien for foreclosure and any such sale would represent a slander of Plaintiffs title.

4. For these and other causes suit is being brought against the defendants for INJUNCTION AGAINST FRECLOUSE, RELAESE OF LIEN, SALE AND OTHER RELIEF as of the date of this filing.

5. Plaintiffs'' will suffer irreparable harm by denial of this Temporary Restraining Order. Shafqaat Bukhari has items of personal property located at 265 Rustic Club Way, Las Vegas Nevada, 89148. Plaintiffs' will lose his home and suffer irreparable harm by denial of this preliminary injunction. Plaintiffs' will also suffer insult, degradation, and deprivation of personhood by denial of this preliminary injunction.

6. Plaintiffs IS likely to prevail in the attached petition. The record in the underling case makes Plaintiffs averments undeniable

7. <u>Public interest will not be impaired by granting this Temporary Restraining Order</u>. The public interest will be impaired by denial of Plaintiffs Temporary Restraining Order by public

awareness that citizens can be victimized by those who declare themselves to be of a superior class

8. Plaintiff has <u>no other remedy at law</u> to protect herself from parties whose records show they have conspired to deprive them of their most fundamental rights.

9. <u>Denial of Plaintiffs preliminary injunction will cause Shafqaat Bukhari to bear a greatly unbalanced harm.</u> Defendant's harm would be delayed possessions. Plaintiffs harm will be loss of abode, damage to reputation and character, and assault on personhood.

10. <u>Denial of Plaintiffs Temporary Restraining Order goes beyond economic injury.</u>

11. <u>The cost to the court on error later corrected to the favor of Defendant, is not as great as the cost to the Court for error later corrected to Plaintiffs favor</u>

12. <u>Granting Plaintiffs'' Motion for Temporary Restraining Order conserves the property no matter who prevails.</u> Plaintiffs' Motion for Temporary Restraining Order directly affects the property by reducing it to a status of a bell which can't be "unrung."

Ideal of substantial justice and fair play requires this Court grant Plaintiffs' interim relief until her complaint can be adjudicated. A temporary restraining order may be granted only if the moving party can demonstrate: "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities trips in his favor, and that an injunction is in the public interest." ***Stormans, Inc. v Selecky***, F3d – 2009 WL344835, at *13 (9th Cir. 2009) (quoting ***Winter v Nat Res. Def. Counncil, Inc***, U.S. – 129 S. Ct. 365, 374 (2008)). Moreover, in the Ninth Circuit, a preliminary injunction is appropriate if the Plaintiff demonstrates that " serious questions going to the merits [are] raised and the balance of hardships tip sharply in the Plaintiffs favor" ***Lands Council v. McNair***, 537 f.3d 981, 987 (9th C.ir. 2008)(en Banc) (internal citations and quotations marks omitted). "In each case, courts mist

balance the competing claims of injury and mist consider the effect on each party of the granting or withholding of the requested relief." **_Indep. Liv. Cntr. of Southern Cal.,Inc. v. Maxwell-Jolly_**, 572 f.3d 644, 651 (9th Cir. 2009) (quoting Winter, 129 S. Ct. at 376) (internal quotation marks omitted).

### 1. Likelihood of success on the merits

Plaintiff should succeed on the merits because the putative trust deed trustee, EMC MORTGAGE CORPORATEION (CHASE),NATIONAL DEFAULT SERVICING INC CORPORATION, is not the holder in due course of the deed of trust AND promissory note, does not appear on the Deed of Trust, is not a duly appointed agent of the lender and is a stranger and interloper to the foreclose. Bifurcation of the deed of trust and the promissory note nullify the note and it's subsequent options.

Before *Winter*, 129 S.Ct. 365, was decided, case law in the Ninth Circuit provide that to prevail on a motion for a Temporary Restraining Order, the plaintiff must demonstrate.

(1) a likelihood of success on the merits and the possibility of irreparable injury: or (2) that serious questions going to the merits were raised and the balance of hardship tips sharply in its favor. These two alternatives represent extremes of a single continuum, rather than two separate tests. Thus, the grater the relative hardship to the party seeking the preliminary injunction, the less probability of success such be shown.

See **_Stormans_**, 2009 WL 3448435, at *13 (quoting **_Clear Channel Outdoor Inc v. City of L.A._** 340 F.3d 810,813 (9th Cir. 2003)) In Winter, the Supreme Court expressly rejected the first prong of the Ninth Circuit's test (the "possibility of irreparable injury" standard), stating that "the Ninth Circuit's possibility' standard is too lenient. Our frequently reiterated standard requires plaintiffs

seeking preliminary relief to demonstrate that irreparable injury is likely in the absence of an injunction." 129 S. Ct. at 375 (citations omitted). According to the Supreme Court, "issuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with our characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief" Id. At 375-76 (citation omitted). Therefore, premises considered, Plaintiff respectfully moves that Court to temporarily enjoin and restrain the foreclosure and sale of the Defendant until the issue of right to the property have been resolved by the Court, and here presents an order to the effect accordingly for the Courts consideration.

Prepared and respectfully submitted by,

Name    *SHAFQAAT BUKHARI*

SHAFQAAT BUKHARI

Date: March 17, 2010